NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 10-CV-034-HRW

ORION HARDEN                                                             PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

J.C. HOLLAND, Warden                                RESPONDENT

\*\*\*\*

Orion Harden, an individual in the custody of the Federal Corrections Institution in Ashland, Kentucky, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

This Court reviews a § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears on its face that the petition is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

Accordingly, the Court has reviewed the instant Petition. For the reasons explained below, the Petition will be denied, and this proceeding will be dismissed.

### ALLEGATIONS AND CLAIMS

Petitioner states that on September 17, 1997, a grand jury in the United States District Court for the Western District of Virginia indicted him in a multi-count indictment charging him and others

with drug and firearms offenses. Harden was charged in seven of the eight counts in *United States v. Harden*, No. 3:97-CR-70099-1. He alleges that upon entering into a plea agreement, he pled guilty to only two of the counts: Count One, conspiring to possess with intent to distribute cocaine base from the summer of 1993 until September 17, 1997; and Count Five, purportedly knowingly "using and carrying a Glock, Model 27,.40 caliber semi-automatic pistol that moved in interstate or foreign commerce on September 20, 1996."

On July 23, 1998, the Petitioner was sentenced to 121-months[1] imprisonment for the conspiracy/drug trafficking offense and a consecutive 120 months on his use and carrying a firearm in relation to a drug trafficking crime. Harden claims that he pled guilty to the Glock .40 caliber semi-automatic pistol in Count Five but his consecutive sentence was based on his use or carrying of "a semi-automatic assault weapon i.e. AK-47," which was not charged, only observed in a video.

Petitioner stresses how different the guns are and how disparate the penalties are for each gun's use during a drug trafficking crime, *i.e.*, 60 months imprisonment for the Glock semi-automatic pistol but 120 months for the semi-automatic assault weapon. Therefore, he contends that it is "not inconceivable" that he did not know that he was pleading to the semi-automatic assault weapon instead of the Glock pistol. Because he is actually innocent of using or carrying the semi-automatic assault weapon, Harden reasons, he is actually innocent of Count Five.

The Petitioner claims that if a federal prisoner is actually innocent and if a Motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, he is entitled to use this Court's Section 2241 jurisdiction to hear his claim in the district in which he is confined.

**DISCUSSION**

---

[1] On July 23, 1998, the trial court reduced the sentence to the mandatory minimum, 120 months

The Petitioner is correct about the interplay between 28 U.S.C. § 2255 and § 2241. The general rule is that 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). It is 28 U.S.C. § 2255, permitting a trial court to vacate or correct sentence, which a federal prisoner is to use to challenge the validity of the conviction and/or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Accordingly, a federal prisoner, such as the instant Petitioner, must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 in the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). As Petitioner Harden appears to understand, however, a subsection of Section 2255, commonly called "the savings clause," does permit a prisoner to seek habeas corpus relief from the court in the district where he is confined under Section 2241, *if* he can demonstrate that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

Case law has developed interpreting the language in the savings clause. *See Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999). Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner had an earlier unsuccessful Section 2255 motion, or after he has been denied permission to bring a successive motion, or when he has let the one-year statute of limitations run before bringing a Section 2255 motion. *Id.* at 757.

Further, in addition to demonstrating that the remedy via Section 2255 is inadequate or ineffective, the appellate court in this circuit has imposed another requirement for use of the savings clause, a requirement which is also not met in this case. In addition to presenting circumstances

3

which render Section 2255 inadequate or ineffective to raise a trial court issue, the prisoner seeking to use Section 2241 must also have a claim of "actual innocence." *Martin v. Perez,* 319 F.3d 799 (6th Cir. 2003).

Actual innocence means factual innocence, which is also explained by the Sixth Circuit to mean innocence of criminal conduct. *Id.* at 805. An actual innocence claim arises when a prisoner was convicted under a criminal statute whose terms were thereafter interpreted by the United States Supreme Court in such a way that there is a risk that the Petitioner was convicted of conduct that the law does not make illegal. *Id.* Hence, only by an intervening Supreme Court decision defining the criminal statute can a petitioner be rendered "actually innocent" of the crime for which he was convicted, so as to qualify to use Section 2241 jurisdiction.

The two-component threshold which any Section 2241 petitioner must meet under *Charles* and *Martin* is a high one, and one which the instant Petitioner fails to reach. Harden has failed to show either of these elements, *i.e.*, that his remedy under § 2255 is actually inadequate or ineffective (*Charles*, 180 F.3d at 756) *or* that he is actually innocent of conduct that is criminal (*Martin,* 319 F.3d at 799).

As to the first of these components, the record in the Petitioner's criminal case reveals not only that he was able to bring a Section 2255 Motion regarding his conviction in the trial court, but also that the trial court reached the merits of his challenges to the conviction and sentence, thus showing that his Section 2255 remedy was adequate and effective for raising the gun issue too.

Further, in his original Section 2255 Motion, the instant Petitioner raised three claims, one of which was the exact same claim of "actual innocence" of Count Five as herein, and it was decided against him. In the words of the trial court, "Petitioner alleges that he is 'actually innocent'

4

of possessing, using or carrying a semi-automatic assault weapon because he carried a semi-automatic pistol. . . ." *United States v. Harden*, No. 97-CR-70099-1, D.E. 75, *United States v. Harden*, 2009 WL 2245143 (W.D. Va. July 24, 2009) (slip op.).

Despite the fact that his Section 2255 Motion was filed ten years past the Judgment's being final, Harden's trial court reached the merits of the actual innocence claim, nonetheless. The Court found that the "petitioner agreed to use the AK-47 assault weapon as the basis for sentencing." *Id.* at *1. Further, the court quoted from the signed plea agreement, where Harden

> "agree[d] and stipulate[d] that said firearm [for Count Five] is a semiautomatic assault weapon within the meaning of Title 18, United States Code, Section 924(c)(1), which triggers a ten year mandatory sentence." (Plea Agreement (docket #26) 3.)

*Id.* at *3. The trial court also quoted the Petitioner's words in the plea colloquy, *i.e.*, "Petitioner also stated that he understood the nature and penalty for Court Five as being a ten-year consecutive sentence because 'it involve[d] an assault weapon.'" *Id.*

Now Harden has recycled the same old, losing argument, perhaps hoping for a better resolution from a different court, *i.e.*, his Section 2241 Court in the district where he is incarcerated. He is not permitted to do so, however. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Cook v. Davis*, 65 Fed.Appx. 932, 933, 2003 WL 1900716, 1 (6th Cir. 2003) (citing *Dunning v. Morrison,* 58 Fed.Appx. 628, 628-29 (6th Cir.2003) and quoting from *Charles*, 180 F.3d at 758); *King v. Thoms*, 54 Fed.Appx. 435, 438, 2002 WL 31780932, 2 (6th Cir. 2002) (affirming dismissal of Section 2241 petition where the "actual innocence" claim was a "re-hash" of the Petitioner's Section 2255 claims), *cert. denied*, 539 U.S. 921 (2003).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Orion Harden's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is **DENIED**; and

(2) this action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 21st day of May, 2010.

_____
HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE